994 So.2d 433 (2008)
Robert BOUNDY, Appellant,
v.
The SCHOOL BOARD OF MIAMI-DADE COUNTY, Appellee.
No. 3D07-2085.
District Court of Appeal of Florida, Third District.
October 29, 2008.
*434 Herdman & Sakellarides and Mark Herdman, Clearwater, for appellant.
Ana I. Segura, Miami, for appellee.
Before SUAREZ, ROTHENBERG, and SALTER, JJ.
SUAREZ, J.
Robert Boundy, a long-time science teacher at Nautilus Middle School, was suspended by his employer, the Miami-Dade County School Board, for thirty days without pay, effective March 15, 2006, for violating School Board rules. After he was suspended from employment, he requested an administrative hearing before the Division of Administrative Hearings to challenge his suspension. On September 27, 2006, an administrative hearing was conducted. On April 30, 2007, the administrative law judge entered a Recommended Order supporting the thirty-day suspension without pay. On May 10, 2007, Boundy filed exceptions to the Recommended Order. On July 11, 2007, at a regular School Board meeting, his exceptions were heard. The School Board members voted to deny his exceptions and adopt the Recommended Order as a Final Order suspending Boundy for thirty days without pay. Boundy appeals from the Final Order of the School Board. We reverse the Final Order of the School Board and remand for the School Board to enter an order in compliance with sections 120.57(k)[1] and 120.57(l),[2] Florida Statutes (2006).
Boundy argues on appeal, and we agree, that the School Board failed to include in its order an explicit ruling on each of his exceptions. Although the School Board "may adopt the recommended order as the final order of the [School Board]," see § 120.57(l), and need only state with particularity reasons for rejecting or modifying conclusions of law or interpretation of an administrative rule, the School Board is *435 nevertheless required to rule explicitly on each exception which identifies the disputed portion of the Recommended Order by page number or paragraph. See § 120.57(k), Fla. Stat. (2006).
We find that Boundy's exceptions, which disputed and, accordingly, cited to specific portions of the Recommended Order, identified with sufficient clarity the disputed portions of the Recommended Order to require the School Board to rule specifically on each one in accordance with subsection (k) of section 120.57.
Therefore, we reverse the Final Order of the Miami-Dade County School Board entered on July 11, 2007, and remand for the purpose of ruling with particularity on each of Boundy's Exceptions to the Recommended Order.
Reversed and remanded with directions.
NOTES
[1] 120.57. Additional procedures for particular cases

(1) Additional procedures applicable to hearings involving disputed issues of material fact.
....
(k) [T]he final order shall include an explicit ruling on each exception, but an agency need not rule on an exception that does not clearly identify the disputed portion of the recommended order by page number or paragraph, that does not identify the legal basis for the exception, or that does not include appropriate and specific citations to the record.
[2] (l) The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction.