PER CURIAM.
 

 Saydel Mas appeals the Final Order of the appellee Miami-Dade County School Board adopting the Recommended Order of the Division of Administrative Hearings (DOAH). We reverse and remand the case with instructions that the DOAH issue an order addressing Mas’ exceptions and providing Mas with a remedy.
 

 By letter dated July 23, 2008, the School Board of Miami-Dade County informed Mas that it had suspended him and initiated proceedings to dismiss him from all employment with the Miami-Dade Public Schools, effective at the close of the work day on August 4, 2008. The letter stated that the School Board was taking action for just cause, including allegations that Mas received funds directly from a vendor while employed by the School Board and that he viewed inappropriate material on a School Board computer.
 

 
 *74
 
 By letter dated August 15, 2008, Mas requested a formal hearing. At the hearing, the School Board called five witnesses and offered into evidence eleven exhibits. Mas called one witness and stipulated to the School Board’s exhibits. The parties submitted proposed recommended orders. In his proposed recommended order, Mas requested reinstatement and backpay. The transcript of the hearing was submitted to the Administrative Law Judge (ALJ). On April 16, 2009, the ALJ issued his recommended order, finding that the School Board failed to prove that Mas violated any of the cited rules or statute as to the computer pornography and failed to prove that Mas violated any of the cited rules or statute regarding accepting pay from a vendor while employed with the School Board. The ALJ recommended that “Petitioner enter a final order dismissing the Notice of Specific Charges.”
 

 On April 27, 2009, Mas timely filed Exceptions to the Proposed Order, specifically requesting that he be made whole by reinstating him and awarding him back pay from August 4, 2008, to the date of reinstatement, based on his pro rata salary of $56,000.00 annually. The record is silent regarding the DOAH review of Mas’ Exceptions, and Mas’ exceptions were never addressed.
 

 On June 18, 2009, the School Board issued a Final Order adopting DOAH’s Recommended Order and dismissing the charges against Mas. Mas was not reinstated or provided backpay.
 

 We agree with Mas that allowing him to request a hearing to appeal his termination is meaningless if the charges against him are dismissed but he is not reinstated with back pay.
 
 State v. Goode,
 
 830 So.2d 817, 824 (Fla.2002). Mas prevailed at the DOAH hearing, and the charges against him were dismissed.
 

 In addition, the exceptions Mas filed to the Proposed Order were never addressed, and the DOAH’s Final Order failed to specify any remedy for Mas. The School Board is required to rule explicitly on each exception which identifies the disputed portion of the Recommended Order by page number or paragraph.
 
 See
 
 § 120.57(1)(k), Fla. Stat. (2008);
 
 Boundy v. School Bd. of Miami-Dade County,
 
 994 So.2d 433, 434-35 (Fla. 3d DCA 2008).
 

 Accordingly, we reverse the Final Order of the Miami-Dade County School Board entered on June 18, 2009, and remand the case to the DOAH for a ruling on Mas’ exceptions and entry of an order providing Mas a remedy for terminating him without just cause.
 

 Reversed and remanded with instructions.