# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2429
_____

HENRY JARED DOSTER,

Appellant,

v.

HAND ARENDALL HARRISON
SALE, LLC,

Appellee.

_____

On appeal from the Florida Commission on Human Relations.
Angela Primiano, Chairperson.

September 11, 2024

PER CURIAM.

Jared Doster, a former associate attorney at Hand Arendall Harrison Sale, LLC ("Firm"), was terminated after he had a disagreement with numerous partners. He filed a charge with the Florida Commission on Human Resources, alleging that the Firm unlawfully discriminated against him and unlawfully terminated his employment as an associate attorney based on his religion. FCHR determined there was no reasonable cause to believe that the Firm engaged in unlawful discrimination against him.

Doster then filed a petition for relief with FCHR, and the matter was referred to the Division of Administrative Hearings to conduct a hearing pursuant to sections 120.569 and 120.57,

Florida Statutes. Following the final hearing, the Administrative Law Judge issued a Recommended Order, recommending that FCHR dismiss Doster's petition. Doster timely filed exceptions to certain findings of fact in the ALJ's order.

FCHR entered its final order, adopting the ALJ's findings of fact and conclusions of law entirely, and dismissing Doster's petition with prejudice. Importantly, the Commission found Doster's exceptions to be untimely and therefore did not consider them. This was error.

Appellant's exceptions were filed with FCHR within the fifteen-day period prescribed by rule 28-106.217(1) of the *Florida Administrative Code*. And his exceptions clearly identified the disputed portions of the recommended order by paragraph, identified the legal basis for the exception, and included appropriate and specific citations to the record, in accordance with section 120.57(1)(k), Florida Statutes, and rule 28-106.217(1). FCHR should have ruled on those exceptions as section 120.57(1)(k) requires an agency's final order to include a ruling on each exception. We therefore set aside FCHR's final order and remand for the purpose of ruling with particularity on each of Doster's exceptions to the recommended order. *See Boundy v. Sch. Bd. of Miami-Dade Cty.*, 994 So. 2d 433 (Fla. 3d DCA 2008).

SET ASIDE and REMANDED with directions.

OSTERHAUS, C.J., and M.K. THOMAS and LONG, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Henry Jared Doster, pro se, Appellant.

Kelly B. Holbrook of Constangy, Brooks, Smith & Prophete, LLP, Tampa, for Appellee.